OPINION
{¶ 1} Plaintiffs-appellants, Richard Clarke and Browning-Ferris Industries of Ohio, Inc., appeal the decision of the Warren County Court of Common Pleas, denying their summary judgment motion, and granting the summary judgment motion of defendant-appellee, Board of County Commissioners of Warren County, Ohio. We affirm the trial court's decision.
 {¶ 2} Appellants own approximately 131 acres of real property in Union Township, Warren County, Ohio. Appellants' property is adjacent to the former Bigfoot Run solid waste sanitary landfill, which ceased operation in 1999. In 1998, appellants filed an application to rezone their property from "R1," rural residence, to "SD," solid waste disposal, and appellee rejected the application. Appellants filed a complaint in the Warren County Court of Common Pleas, seeking a declaration that R1 zoning is unconstitutional as applied to appellants' property, and that appellants' proposed use of the property as a solid waste disposal facility constitutes a reasonable use of the property. The trial court determined that the R1 zoning designation was unconstitutional as applied, and that appellants' proposed use was reasonable. The trial court ordered appellee to rezone appellants' property to a reasonable and constitutional use within 60 days. However, the parties agreed that the trial court's judgment would be stayed pending appeal of the trial court's decision.
 {¶ 3} On November 4, 2002, this court affirmed the trial court's decision in Richard M. Clarke, et al. v. Bd. of Cty.Commrs. of Warren Cty., Ohio, 150 Ohio App.3d 14, 2002-Ohio-6006
("Clark I"), which lifted the stay of execution on the trial court's judgment. However, appellee failed to rezone the property within 60 days after this court upheld the trial court's decision. On May 2, 2003, appellants moved for further relief, seeking enforcement of the trial court's order by the issuance of a permanent injunction enjoining appellee from interfering with appellants' proposed use of the property, and appellee subsequently sought an extension of time to comply with the court's order. On May 8, 2003, appellee adopted a resolution to initiate rezoning proceedings for appellants' property from R1 to "SDT," solid waste disposal transition zone.
 {¶ 4} On June 4, 2003, the trial court issued a decision denying appellants' motion for further relief. Although the trial court noted appellee should have sought an extension of the deadline within the mandated 60-day timeframe, the court found appellee's request reasonable and extended the deadline to July 31, 2003.
 {¶ 5} On June 10, 2003, appellee adopted a resolution to amend the Warren County Rural Zoning Code to create the new SDT zone. Finally, on July 1, 2003, appellee adopted a resolution rezoning appellants' property from R1 to SDT.
 {¶ 6} On August 1, 2003, appellants filed a complaint in prohibition and mandamus in the Ohio Supreme Court against appellee, the Warren County Inspector/Supervisor, and the trial court judge ("respondents"), arguing the trial court lacked jurisdiction to extend the deadline for rezoning. On September 24, 2003, the Court sustained respondents' motion to dismiss the motion, and dismissed the cause.
 {¶ 7} On May 14, 2004, after being granted leave by the trial court, appellants filed an amended and supplemental complaint arguing that the trial court was without jurisdiction to extend the deadline for rezoning, that appellee's application of SDT to appellants' property is unconstitutional and lacks a legitimate public purpose, and that the provisions of the SDT zoning district regulations are in conflict with R.C. Chapter 3734. Subsequently, both parties filed motions for summary judgment.
 {¶ 8} On October 27, 2004, the magistrate denied appellants' motion for summary judgment and granted appellee's motion, finding that the trial court had jurisdiction to modify its original order, that the SDT zoning classification is binding and effective as to appellants' property, that appellants' failed to show that the SDT zoning classification lacks a valid public purpose, and that R.C. Chapter 3734 does not preempt appellee from regulating the location of solid waste sanitary landfills within its jurisdiction, so long as appellee does not completely prohibit such use in its jurisdiction.
 {¶ 9} Appellants' filed objections to the magistrate's decision, and the trial court overruled the objections and affirmed the magistrate's decision. Appellants appeal the trial court's decision, raising two assignments of error.
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFSA-PPELLANTS AS A MATTER OF LAW IN DENYING THEIR MOTION FOR SUMMARY JUDGMENT TO DECLARE THE `SDT' ZONING INEFFECTIVE TO PROHIBIT THE PROPOSED SANITARY LANDFILL."
 {¶ 12} Appellants present several issues for review under this assignment of error. First, appellants argue that the trial court did not have jurisdiction to alter its previous order, in which the trial court ordered appellee to rezone appellants' property within 60 days. Appellants maintain the trial court failed to comply with the mandate of this court to execute the trial court's judgment. Also, appellants argue they were entitled to proceed with their proposed use of the property after appellee failed to rezone the property within the required time period.
 {¶ 13} We note that the trial court's initial decision on November 27, 2001, finding that R1 zoning is unconstitutional as applied to appellants' property, does not provide that appellants are entitled to proceed with their proposed use of the property if appellee failed to comply with the court's order.[1] In fact, the trial court held that, "[appellee] is hereby directed to amend the Warren County Zoning Code so as to rezone the subject parcels to some reasonable and constitutional use within the next sixty (60) days." (Emphasis added.) Further, this court, in Clarke I, 150 Ohio App.3d at ¶ 27, held, "[w]hile the board of commissioners has been ordered to rezone the properties to another classification that would permit a reasonable use, the decision denying the request to zone the parcels SD has not been reversed. There is simply no requirement at this point that the board of commissioners zone the parcels SD." No decision by the trial court or this court can be construed to mean that appellants were entitled to proceed with their proposed use of the property if appellee failed to rezone the property within the initial timeframe, or that appellants proposed use of the property was the only reasonable and constitutional use of the property.
 {¶ 14} However, appellee maintains that appellants were precluded from continuing to argue these claims in a motion for summary judgment after failing to appeal the trial court's final appealable order deciding these claims. We find appellee's argument compelling.
 {¶ 15} R.C. 2505.02(B) provides that an order is a final appeal order when it affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). The term "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).
 {¶ 16} R.C. 2721.09 provides, "[s]ubject to [R.C. 2721.16], whenever necessary or proper, a court of record may grant further relief based on a declaratory judgment or decree previously granted under [Chapter 2721]." A declaratory judgment action is a special proceeding, and an order entered therein affects a substantial right and is a final appealable order. GeneralAccident Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 14, paragraph 2 of the syllabus.
 {¶ 17} Appellants first raised the arguments of the trial court's jurisdiction to extend the deadline for appellee to rezone the property and their entitlement to proceed with their proposed use in their motion for further relief pursuant to R.C.2721.09, and later argued the issues in a memorandum in support of their motion. On June 4, 2003, the trial court ruled on appellants' motion, extending the deadline for rezoning, and finding that, "* * * [appellants are] not entitled to the relief requested." Because this decision affects a substantial right and was made in a special proceeding, it was a final appealable order pursuant to R.C. 2505.02(B). Instead of appealing the trial court's final appealable order, appellants filed an original action in prohibition and mandamus in the Ohio Supreme Court, attempting to compel the trial court to execute its judgment ordering appellee to rezone the property, which the court later dismissed.
 {¶ 18} Appellants' reliance on Civ.R. 54(B) is misplaced, as Civ.R. 54(B) is inapplicable. Civ.R. 54(B), provides:
 {¶ 19} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
 {¶ 20} According to the record, appellants filed a complaint requesting damages and attorney fees based on their previous declaratory judgment action in the amended supplemental complaint on May 14, 2004. These claims were not before the trial court when the court ruled on appellants' motion for further relief pursuant to R.C. 2721.09. We find there were no other claims for relief presented to the trial court that would require the court to make a finding pursuant to Civ.R. 54(B), and that the trial court's decision denying appellants relief pursuant to R.C.2721.09 was a final appealable order.
 {¶ 21} Further, we find that because appellants failed to appeal the trial court's June 4 decision, their claims are barred by the doctrine of res judicata. A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman Twp.,73 Ohio St.3d 379, 382, 1995-Ohio-331. Also, the law of the case doctrine "precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal." Hubbard ex rel. Creed v. Sauline,74 Ohio St.3d 402, 404-405, 1996-Ohio-174. By failing to appeal the trial court's decision denying appellant further relief pursuant to R.C. 2721.09 and granting the extension of time to rezone, the court's ruling became the law of the case. Consequently, appellants were precluded from continuing to raise these claims in a motion for summary judgment after these claims were actually litigated and determined in a prior action.
 {¶ 22} Next, appellants argue that appellee has prohibited an industrial use regulated by the Ohio Environmental Protection Agency ("OEPA"), and that appellee's application of SDT zoning to appellants' property is in conflict with the general laws of Ohio. We disagree.
 {¶ 23} In its ruling on the parties' cross motions for summary judgment, the trial court found that appellee is entitled to summary judgment on these issues. Our review of the trial court's summary judgment decision is de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Civ.R. 56(C) provides that summary judgment is appropriate where "(1) [n]o genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." WelcoIndustries, Inc. v. Applied Companies (1993), 67 Ohio St.3d 344,346. Where a motion for summary judgment is properly made and supported under Civ.R. 56(C), the nonmoving party may not rest upon its pleadings, but instead must produce evidence showing a genuine issue of fact as to issues upon which it has the burden of proof. Dresher v. Burt, 75 Ohio St.3d 280, 287, 1996-Ohio-107.
 {¶ 24} The enactment of a zoning ordinance is a legitimate exercise of police power so long as the ordinance is not in conflict with general law. Section 3, Article XVIII, Ohio Constitution; Village of Sheffield v. Rowland, 87 Ohio St.3d 9,10, 1999-Ohio-217. The test to determine when a conflict exists between a zoning ordinance and a general law of the state is "whether the ordinance permits or licenses that which the state forbids and prohibits, and vice versa." Sheffield,87 Ohio St.3d at 11; Fondessy Enterprises, Inc. v. Oregon (1986),23 Ohio St.3d 213, paragraph two of the syllabus.
 {¶ 25} General laws are defined as those operating uniformly throughout the state which prescribe a rule of conduct upon citizens generally, and which operate with general uniform application throughout the state under the same circumstances and conditions. Garcia v. Siffrin Residential Assn. (1980),63 Ohio St.2d 259, 271; Village of West Jefferson v. Robinson, (1965),1 Ohio St.2d 113. The parties do not dispute that R.C. Chapter 3734, which governs the licensing and regulation of solid and hazardous waste facilities throughout the state of Ohio, and R.C. Chapter 3745, which sets forth the authority and duties of the OEPA, are general laws. Accordingly, we hold that R.C. Chapters 3734 and 3745 are general laws. See Sheffield,87 Ohio St.3d at 11.
 {¶ 26} However, the parties dispute whether the addition of Chapter 21.6: Solid Waste Disposal Transition "SDT" Zone Regulations to the Warren County Rural Zoning Code is in conflict with R.C. Chapters 3734 and 3745. After reviewing the record, including the applicable statutes, we find no conflict between the Warren County Zoning Code and R.C. Chapters 3734 and 3745.
 {¶ 27} This court has previously held that "* * * the [Ohio] legislature intended for the state through the Ohio EPA to preempt and solely occupy the licensing and regulation of solid waste disposal and sanitary landfill facilities. However, local zoning does play a pivotal role in the installation and chartering of these facilities. Once the Ohio EPA has granted approval, its permit is subject to those local zoning provisions which do not conflict with the environmental laws and regulations approved by the state." Families Against Reily/Morgan Sites v.Butler County Bd. of Zoning Appeals (1989), 56 Ohio App.3d 90,94.
 {¶ 28} In Sheffield, 87 Ohio St.3d at 12, the Ohio Supreme Court held that a local ordinance adopted by the village of Sheffield prohibited what a general law of this state permitted. The court noted, "the Sheffield ordinances do more than merely impair or limit the operation of a state-authorized facility: they completely prohibit the facility." Id. Further, the court went on to state, "[n]othing in this decision should be construed to suggest that Sheffield cannot restrict state-authorized facilities to certain districts with appropriate zoning." Id.
 {¶ 29} According to the Warren County SDT zoning regulations, the primary purpose of SDT zoning is to provide for a transition between a Solid Waste Disposal ("SD") Zone and surrounding areas. Property that is subject to SDT zoning may not be used as a solid waste landfill, which is appellants' proposed use of the property. However, unlike the zoning ordinance in Sheffield,
the Warren County Zoning Code does not prohibit what is permitted by the general laws of this state. The amended Warren County Zoning Code does permit the use of property for the storage of solid waste, but restricts such use to property that is subject to SD zoning. The addition of SDT zoning to the Warren County Zoning Code merely restricts where solid waste may be stored in Warren County, which is a proper exercise of the county's police power. Accordingly, we find that with respect to these issues, no genuine issue of material fact remains to be litigated, and appellee is entitled to judgment as a matter of law. Appellants' first assignment of error is overruled.
 {¶ 30} Assignment of Error No. 2:
 {¶ 31} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS AS A MATTER OF LAW AND FACT BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE COUNTY COMMISSIONERS THAT THE `SDT' REPLACEMENT ZONING IS CONSTITUTIONAL."
 {¶ 32} Appellants argue that the magistrate erred in finding that SDT zoning, as applied to their property, is unconstitutional because the magistrate applied the incorrect legal standard, and that the trial court erred in adopting the magistrate's decision. Appellants maintain the magistrate applied a conjunctive test for determining constitutionality rather than the prevailing disjunctive test.
 {¶ 33} A landowner may allege that a zoning ordinance as applied to his land constitutes a compensable taking in violation of Fifth Amendment to the U.S. Constitution. Goldberg Cos., Inc.v. Richmond Hts. City Council, 81 Ohio St.3d 207, 213, 1998-Ohio-207. To determine whether a compensable taking has occurred, courts must apply the following disjunctive test: "a compensable taking can occur either if the application of the zoning ordinance to the particular property is constitutionally invalid, i.e., it does not substantially advance legitimate state interests, or denies the landowner all economically viable use of the land." State ex rel. Shemo v. City of MayfieldHeights, 95 Ohio St.3d 59, 63, 2002-Ohio-1627. (Emphasis sic.)
 {¶ 34} While the magistrate's decision indicates that it considered both prongs of the test in a conjunctive manner, a close review of the pleadings reveals that appellants failed to allege that application of SDT zoning to their property denies them all economically viable use, and only argued that application of SDT zoning to their property does not substantially advance legitimate state interests.
 {¶ 35} Despite stating the test in the conjunctive, the magistrate found that appellants failed to present evidence that raises a genuine issue of fact as to either aspect of the test. Moreover, any error on the part of the magistrate was corrected by the trial court, which found, "[appellants] have failed to argue before the Magistrate the economically `unreasonable and unfeasible' test as established by [Shemo]. The Court acknowledges that the Supreme Court stated this test as a disjunctive to the `unnecessary to the public good' test. * * * All that this Court is permitted to do is rule on the case before it and the Court finds that [appellants] have failed to establish that the new zoning creation here of SDT is not for a valid public purpose. * * * No evidence that the new SDT zoning lacks all reasonable economic feasibility was presented regarding the challenge here."
 {¶ 36} After reviewing the record, we find that no genuine issue of fact remains to be litigated, and appellee is entitled to judgment as a matter of law. Appellants failed to present any evidence to the magistrate that SDT zoning as applied to their property deprives them of all economically viable use. While appellants maintain that SDT zoning lacks a legitimate public purpose, their arguments in support of this assertion are the same arguments we rejected in the resolution of appellants' first assignment of error. Appellants have essentially rested on their pleadings by reiterating the same arguments at every stage of the proceedings, and have failed to present a genuine issue of fact as to issues upon which they have the burden of proof. Accordingly, the trial court correctly granted judgment in favor of appellee.
 {¶ 37} Judgment affirmed.
Walsh, P.J., and Brogan, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
[1] By contrast, the trial court held in its decision on June 4, 2003, where the court extended the deadline for rezoning, that "[if appellee] does not rezone the subject parcels within [the extension] of time the Court will authorize [appellants] to proceed with their proposed use."