**MANSOUR, d.b.a. Mansour Consulting CPA Firm, Appellant,**

v.

**CROUSHORE, Appellee.**

[Cite as *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010–06–133.

Decided July 5, 2011.

Joseph B. Mansour, pro se.

Paul Croushore, pro se.

Powell, Presiding Judge.

{¶ 1} Appellant, Joseph Mansour (an accountant) asks this court to overturn a Butler County Common Pleas Court decision that dismissed his abuse-of-process complaint filed against appellee, his former attorney, Paul Croushore. We reverse the judgment and remand this cause because we find the trial court could not determine from the complaint and answer that the case was outside the statute of limitations.

{¶ 2} Mansour filed a complaint in 2007 alleging that Croushore abused process when he filed a lawsuit against Mansour in 2000, which ended in a judgment for Mansour on September 16, 2003. Both parties moved for summary judgment. The trial court dismissed the case, finding that it should have been filed as a compulsory counterclaim in the case filed by Croushore in 2000. The decision was appealed.

{¶ 3} In *Mansour v. Croushore,* Butler App. Nos. CA2008–07–061 and CA2008–07–170, 2009-Ohio-2627, 2009 WL 1581136, this court reversed the compulsory-counterclaim decision and remanded the cause to the trial court. Given that Mansour waited until the underlying litigation was completed to file his complaint, this court said he would need to show that he had "prevailed in at least some substantial aspect of the underlying litigation," and therefore, genuine issues of material fact remained on the second and third elements of the abuse-of-process claim.

{¶ 4} Croushore subsequently moved to dismiss Mansour's complaint, arguing that the complaint was not filed within the four-year statute of limitations for abuse-of-process claims. The statute of limitations was set forth as an affirmative defense in Croushore's answer.

{¶ 5} The trial court found that the original lawsuit was tried to a jury from July 30, 2003, to August 4, 2003. According to the trial court, Mansour contends that Croushore's testimony at trial was part of the abuse-of-process claim. The court found that the limitations period began to run at the conclusion of the trial itself, which was August 4. Finding that Mansour's abuse-of-process complaint was filed 13 days after the limitations period, the trial court dismissed the complaint.

{¶ 6} Mansour appealed. There are two assignments of error for this court's review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} "The trial court errs to the prejudice of appellant Mansour by dismissing appellant's complaint for the tort of abuse of process under a 12(C) motion to dismiss as to the statute of limitation by obtaining dates outside the allowed 12(C)

rule thereby denying Mansour the introduction of evidence of the correct dates for Croushore's continuing torts[.]" [sic]

{¶ 9} Mansour argues that Croushore did not indicate the proper legal basis upon which he sought to have the complaint dismissed and that the trial court erred in considering matters outside the pleadings when it dismissed his abuse-of-process complaint.

{¶ 10} The three elements of the tort of abuse of process are (1) that a legal proceeding has been set in motion in proper form and with probable cause, (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed, and (3) that direct damage has resulted from the wrongful use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co.* (1994), 68 Ohio St.3d 294, 626 N.E.2d 115, paragraph one of the syllabus. There is no liability for abuse of process when the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. Id. at 298, fn. 2.

{¶ 11} Abuse-of-process claims are claims that allege that a "legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed." Id. at 297, quoting Prosser & Keeton, The Law of Torts (5th Ed.1984) 897, Section 121; *Grenga v. Bank One, N.A.*, Mahoning App. No. 04 MA 94, 2005-Ohio-4474, 2005 WL 2065117, ¶ 87.

{¶ 12} Abuse of process differs from malicious prosecution in that abuse of process connotes the use of process properly initiated for improper purposes, while malicious prosecution is the malicious initiation of a lawsuit that one has no reasonable chance of winning. *Robb v. Chagrin Lagoons Yacht Club, Inc.* (1996), 75 Ohio St.3d 264, 271, 662 N.E.2d 9.

{¶ 13} The applicable statute of limitations for a cause of action for abuse of process is four years. *Yaklevich*, 68 Ohio St.3d 294, 626 N.E.2d 115, paragraph three of the syllabus; R.C. 2305.09 (applicable version). And the action for abuse of process accrues on the date of the allegedly tortious conduct. *Aaron v. Venator Group* (Feb. 8, 2002), Erie App. No. E–01–023, 2002 WL 192098.

{¶ 14} As Mansour noted, Croushore moved to dismiss the complaint but did not specify under which authority he was requesting that action; however, the trial court addressed the motion without requiring clarification. See *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (reviewing court must examine the entire journal entry and the proceedings below where necessary to ascertain the precise basis of a lower court's judgment).

{¶ 15} A motion to dismiss filed after the pleadings have closed is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Id. Under Civ.R. 12(C), dismissal is appropriate when a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Pontious* at 570. The standards for Civ.R. 12(B)(6) and 12(C) motions are similar, but Civ.R. 12(C) motions are specifically for resolving questions of law. Id. Appellate courts review the granting of a motion for judgment on the pleadings de novo. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674.

{¶ 16} Civ.R. 12(C) permits consideration of the complaint and answer, whereas a Civ.R. 12(B)(6) motion must be judged by considering only the face of the complaint. *Pontious* at 569; see also Civ.R. 7 (what constitutes pleadings). An exception exists to permit consideration of documents attached and incorporated into the pleadings. *Hawke, Inc. v. Universal Well Servs., Inc.*, Summit App. No. 25056, 2010-Ohio-4730, 2010 WL 3835000, ¶ 9; see also Civ.R. 10.

{¶ 17} A review of the record indicates that neither party attached any documents to the pleadings. Croushore attached a number of documents to his motion to dismiss and argues that the trial court was permitted to take judicial notice of the proceedings that occurred from the case that began with his 2000 complaint and ended with the 2003 trial.

{¶ 18} We are mindful that a trial court may take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170. However, courts have said that a trial court cannot take judicial notice of court proceedings in another case and may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved; a court may take judicial notice of only the court proceedings in the immediate case. *Charles v. Conrad*, Franklin App. No. 05AP–410, 2005-Ohio-6106, 2005 WL 3073358, ¶ 26. The rationale for the rule is that the appellate court cannot review the propriety of the trial court's reliance on such prior proceedings because that record is not before the appellate court. Id.; *NorthPoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 15–17.

{¶ 19} Before the trial court was authorized to consider the prior litigation history of the parties, it was required to notify all the parties at least 14 days prior to the time for hearing if it were converting the motion to dismiss for

failure to state a claim into a motion for summary judgment. Cf. *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285, syllabus; cf. *Lansing v. Hybud Equip. Co.*, Stark App. No. 2002CA00112, 2002-Ohio-5869, 2002 WL 31411311. The trial court apparently did not do so for this motion.

{¶ 20} For these reasons, we find that the trial court erred in taking judicial notice of the 2003 dates of the trial in the previous case in considering the motion to dismiss. Construing the material allegations in the complaint and answer, with all reasonable inferences to be drawn therefrom in favor of the nonmoving party, we cannot say, beyond doubt, that Mansour's complaint was filed outside the applicable statute of limitations.

{¶ 21} Mansour's first assignment of error is sustained as it pertains to the trial court's consideration of the dates of the trial in the previous case in deciding Croushore's motion to dismiss.

{¶ 22} Assignment of Error No. 2:

{¶ 23} "The trial court errs to the prejudice of appellant Mansour by dismissing appellant's complaint for the tort of abuse of process under a motion to dismiss as to the statute of limitation when Croushore waived the statute of limitation issue in the first appeal in this case by stating in front of the appellate court that the case for abuse of process is filed timely[.]"

{¶ 24} Mansour argues that the law-of-the-case doctrine precludes Croushore from invoking the statute of limitations. Specifically, Mansour states that Croushore was asked about the statute of limitations by a panel of this court hearing oral arguments on the previous appeal. Mansour argues that Croushore indicated that the statute of limitations had not expired if one would begin the limitation period on the date the final judgment in the previous case was filed. Mansour also noted that this court remanded the cause, stating that genuine issues existed on the substantive part of the abuse-of-process claim.

{¶ 25} The law-of-the-case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 2–3, 11 OBR 1, 462 N.E.2d 410.

{¶ 26} This doctrine precludes a litigant from attempting to rely at a retrial on arguments that were fully pursued, or available to be pursued, in a first appeal. *Clarke v. Warren Cty. Bd. of Commrs.*, Warren App. No. CA2005–04–048, 2006-Ohio-1271, 2006 WL 689039, ¶ 21. The law-of-the-case doctrine is a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Nolan.*

{¶ 27} After reviewing the record, we do not find that the law of the case bars Croushore from raising the statute-of-limitations defense. We also do not find that our previous remand likewise precluded the consideration of the statute-of-limitations issue. See *Graham v. Allen Cty. Sheriff's Office*, Allen App. No. 1–06–14, 2006-Ohio-4183, 2006 WL 2337590, ¶ 9 (aware of no rule prohibiting party from filing subsequent motion for summary judgment; law-of-case doctrine inapplicable).

{¶ 28} Mansour's second assignment of error is overruled.

{¶ 29} The common pleas court judgment is reversed, and this matter is remanded to the trial court for further proceedings.

Judgment reversed
and cause remanded.

RINGLAND and HUTZEL, JJ., concur.