[Cite as *Brock v. Brock*, 2014-Ohio-350.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


DONNA BROCK n.k.a. MESAROS,      :

    Plaintiff-Appellee,      :      CASE NO. CA2013-04-026

     :      O P I N I O N
   - vs -      2/3/2014

     :

EWELL BROCK, JR.,      :

    Defendant-Appellant.      :


APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 1994DM001281


Donna Brock n.k.a. Mesaros, 1336 Gibson Road, Loveland, Ohio 45140, plaintiff-appellee, pro se

James R. Hartke, 917 Main Street, Suite 400, Cincinnati, Ohio 45202, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Ewell Brock, Jr., appeals from a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, granting judgment in favor of plaintiff-appellee, Donna Brock, in an action seeking to hold Donna in contempt for allegedly forcing the dissolution of their jointly owned business contrary to the terms of their divorce decree. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} Ewell and Donna were divorced in 1985 after 20 years of marriage. During their marriage, the couple jointly owned and operated J.R. Brock's Auto Works II, Inc. (Auto Works), a business that repairs and tows automobiles. Ewell and Donna each owned 50 percent of the company and Ewell served as president and secretary of the corporation while Donna was vice-president and treasurer. As part of the divorce decree, Donna and Ewell agreed to continue to operate Auto Works together and to refrain from "liquidat[ing] the business assets or mak[ing] major decisions affecting the operations of the business without the consent of the other party."

{¶ 3} For several years, Ewell and Donna jointly operated Auto Works and Auto House, LLC (Auto House). Auto House was a company the two formed in 1998 that was not subject to the divorce decree. In November 2003, Donna filed a lawsuit in the Hamilton County Court of Common Pleas, Case No. A0308567 (Hamilton County case), requesting a dissolution of Auto Works and Auto House.[1] A receiver for the companies was appointed and in 2006 all the assets of Auto Works and Auto House were liquidated.[2]

{¶ 4} On April 30, 2007, Ewell filed the motion at issue in the present case, a motion for contempt, in the Clermont County Court of Common Pleas, Domestic Relations Division. In this motion, Ewell alleged that Donna violated the terms of their 1985 divorce decree "by taking unauthorized and illegal control of [Auto Works] in violation of Ohio law and liquidated its business without the consent of [Ewell] as required by this Court's order." Ewell also alleged the same essential claims regarding Auto House. Later, Ewell filed an amended motion for contempt. In 2007, Donna also filed a motion for contempt against Ewell, alleging

---

1. The lawsuit alleged a number of other claims that are not presently before us, including that Ewell breached his fiduciary duties to the corporations and several claims against Joseph Mansour, a certified public accountant, retained by Ewell on behalf of Auto Works and Auto House.

2. After the liquidation, the remaining counts of the Hamilton County case were dismissed because Donna was no longer a shareholder of the companies and lacked standing in the suit.

that Ewell violated the divorce decree by making major business decision without Donna's consent. (Donna's contempt case).

{¶ 5} On April 9, 2010, Donna moved to dismiss Ewell's motion for contempt. The trial court construed Donna's motion as a motion for summary judgment. In response, Ewell filed his own motion for summary judgment regarding his motion for contempt. Additionally, Ewell and Donna both moved for summary judgment on Donna's contempt case.

{¶ 6} In regards to Donna's contempt case, the trial court denied the motion for contempt and granted summary judgment in favor of Ewell. The court held that summary judgment was proper because Ewell's conduct in making major business decisions without Donna's consent was in response to Donna's behavior. Donna did not appeal the trial court's summary judgment decision in her contempt case.

{¶ 7} Concerning Ewell's contempt motion, the trial court granted summary judgment in Donna's favor reasoning that Donna could not "be held in contempt for dissolving the companies when the dissolution was done by agreement." Ewell appealed the grant of summary judgment to this court. In *Brock v. Brock*, 12th Dist. No. CA2011-02-010, 2011-Ohio-6351 (*Brock I*), this court reversed the trial court's decision in part, finding that summary judgment was improper as a "genuine issue of material fact remains as to whether Ewell actually agreed to dissolve Auto Works."[3] Consequently, the case was remanded to the trial court for further proceedings.

{¶ 8} On remand, a hearing before a magistrate established the following facts. In 2002 and 2003, several disagreements arose between the couple regarding the operation of Auto Works and Auto House. In August 2003, Donna decided to terminate her business

---

3. In *Brock I*, this court also noted that Donna cannot be held in contempt for allegedly dissolving Auto House without Ewell's agreement because "only Auto Works is subject to the terms of the divorce decree." *Brock I* at ¶ 12.

relationship with Ewell and sent a letter offering her stock in Auto Works for purchase by Ewell. Approximately one month after Donna's offer, Ewell retained Joseph Mansour, a certified public accountant, to value the Auto Works stock. Ewell also executed a power of attorney authorizing Mansour to perform a number of functions on behalf of Auto Works including, dispersing funds, conducting all business negotiations, and collecting all checks payable to Auto Works.

{¶ 9} After Mansour's retention, Ewell sent a letter to Donna which immediately terminated her services with Auto Works and also notified her that a restraining order had been filed with the police department prohibiting her from entering Auto Works' premises. However, the next day, Ewell reinstated Donna's employment with Auto Works but required her to take a week of paid vacation before returning to the business. That same day, Ewell also accepted Donna's offer to purchase her shares of Auto Works.

{¶ 10} After Donna returned to Auto Works, she became concerned that Ewell was not properly managing the business and was hiding business assets from her. Consequently, Donna filed the Hamilton County case seeking an accounting and dissolution of Auto Works and Auto House. During the case, two agreed orders were entered on the court's docket. The first agreed order, entered on November 28, 2003, signed by Ewell and Donna, appointed a receiver to conduct an accounting and appraisal of Auto Works with the understanding "that the accounting and appraisal will be used in the dissolution of the business." The second agreed order was entered on December 5, 2003, and covered many aspects of Ewell's and Donna's business relationship, including the appointment of an accountant to appraise the business and the sale of the business and its assets once the accounting and appraisal were complete. Additionally, two other agreed entries signed by Ewell in June and July of 2004, were filed with the court and provided for the sale of Auto Works and its real property.

{¶ 11} At the remand hearing, Ewell acknowledged he signed the agreed orders but testified that Donna's attorney represented that the appointment of a receiver was temporary and would last only two weeks. According to Ewell, after two weeks, he and Donna would again be in control of the business and would be able to settle the dispute on their own.

{¶ 12} After the conclusion of the hearing, the magistrate found that Donna was not in contempt of the divorce decree because Ewell "violated the spirit, if not the specific orders" of the divorce decree when he made several business decisions without Donna's knowledge. The magistrate stated that Donna's decision to file the Hamilton County case was a reaction to Ewell's decisions. The trial court affirmed the magistrate's decision finding Donna not in contempt of the divorce decree. The court reasoned that Ewell consented to the filing of the Hamilton County case when he signed the agreed order appointing a receiver for the dissolution of the company. The court also reasoned that Donna's action in filing the Hamilton County case was not in contempt of the divorce decree because Ewell's conduct left Donna no other alternative.

{¶ 13} Ewell now appeals, raising four assignments of error.

{¶ 14} Assignment of Error No. 1

{¶ 15} THE CLERMONT TRIAL COURT ERRS TO THE PREJUDICE OF [EWELL] BY DENYING HIS AMENDED MOTION FOR CONTEMPT AGAINST DONNA WHERE DONNA TESTIFIES SHE NEVER OBTAINED [EWELL'S] PERMISSION BEFORE SHE FILED THE HAMILTON COUNTY LAWSUIT TO DISSOLVE AUTO WORKS

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE CLERMONT TRIAL COURT ERRS TO THE PREJUDICE OF [EWELL] BY VIOLATING THE MANDATES OF THE 12TH DISTRICT COURT OF APPEALS DECISION OF DECEMBER 12, 2011.

{¶ 18} Because Ewell's first and second assignments of error are related, we will

address them together. In challenging the trial court's decision finding that Donna was not in contempt of the divorce decree, Ewell asserts two main arguments. First, Ewell argues the trial court erred when it relied on the agreed orders in the Hamilton County case to find that Ewell consented to Auto Works' dissolution.[4] Ewell argues this was in error because he was fraudulently induced to sign the orders. Second, Ewell challenges the trial court's finding that Donna was not in contempt of the divorce decree because "[Ewell's] actions left [Donna] with no alternatives." Ewell contends that this finding conflicted with this court's statement of the law in *Brock I*.

{¶ 19} As stated in *Brock I*, contempt of court is defined as "disobedience of an order of a court * * * which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Hueber v. Hueber*, 12th Dist. Clermont Nos. CA2006-01-004, CA2006-02-019, CA2006-02-020, 2007-Ohio-913, ¶ 16, citing *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Underleider v. Underleider*, 12th Dist. Clermont Nos. CA2010-09-069, CA2010-09-074, 2011-Ohio-2600, ¶ 36. A finding of contempt, however, "does not require proof of purposeful, willing, or intentional violation of a trial court's prior order." *Townsend v. Townsend*, 4th Dist. Lawrence No. 08CA9, 2008-Ohio-6701, ¶ 27, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 140 (1984).

{¶ 20} This court will not reverse the trial court's ruling on a motion for contempt

---

4. In the proceedings below, there was a discussion regarding whether Auto Works and Auto House were actually "dissolved" or if the assets were merely liquidated. However, whether or not the conclusion of the companies legally qualified as a "dissolution" or a "liquidation" is not determinative to this appeal as the sole issue before the trial court was whether Ewell consented to the dissolution, not whether the companies were technically dissolved or the assets liquidated.

absent an abuse of discretion. *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 12. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable, and is more than a mistake of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *Cottrell* at ¶ 12, quoting *Ware v. Ware*, 12th Dist. Warren No. CA2001-10-089, 2002 WL 336957, *1 (Mar. 4, 2002).

### A.  Ewell's Consent to the Dissolution of Auto Works

{¶ 21} At the hearing, Donna introduced several pieces of evidence that established Ewell consented to the dissolution of Auto Works and the liquidation of the business assets. Specifically, Donna introduced two agreed orders, signed by Ewell during the pendency of the Hamilton County case, which appointed a receiver to conduct an accounting and appraisal of Auto Works. The November 28, 2003 agreed order expressly provided that the receiver will have the authority to "conduct an accounting and appraisal of these businesses" and "that the accounting and appraisal will be used in the dissolution of the businesses." Similarly, the December 5, 2003 agreed order provided that the parties will retain an appraiser to conduct an accounting and/or appraisal of the business and "[w]ithin 10 days of the completion of the accounting and appraisal the businesses and all assets thereof shall be placed for sale* * *."

{¶ 22} Ewell asserts that these orders do not show he consented to the dissolution of Auto Works because Donna's attorney fraudulently represented to him that the receiver's term of appointment would be limited to two weeks. However, Ewell's testimony regarding the statements made by Donna's attorney is contradicted by the absence of any language in the orders establishing a time limitation for the receiver's appointment. In addition, Ewell was represented by separate counsel and the agreed orders expressly contemplated a situation

- 7 -

where Auto Works would be dissolved. Ewell's contention is also refuted by the two additional entries he signed in June and July 2004 which provided for the sale of Auto Works and its real property which was well beyond the limited two-week receivership term claimed by Ewell. Consequently, in light of the multiple pieces of evidence which demonstrate that Ewell agreed to the dissolution process, the trial court did not abuse its discretion in finding that Donna was not in contempt of the divorce decree.

### B. Trial Court's Decision Does Not Conflict with Court's Statement of the Law

{¶ 23} In *Brock I,* this court stated that "a finding of contempt, however, 'does not require proof of purposeful, willing, or intentional violation of a trial court's prior order.'" *Brock I* at ¶ 11, quoting *Townsend v. Townsend*, 4th Dist. Lawrence No. 08CA9, 2008-Ohio-6701, ¶ 27. In finding that Donna was not in contempt of the divorce decree, the trial court not only reasoned that Ewell consented to the dissolution of Auto Works but also that "[Ewell's] actions left [Donna] with no alternatives." Ewell contends that the trial court's reasoning regarding the justification of Donna's actions essentially required Donna to intentionally violate the divorce decree which conflicted with our statement of the law in *Brock I*.

{¶ 24} As discussed above, Donna's filing of the Hamilton County case did not violate the divorce decree because the evidence established that Ewell consented to the dissolution and liquidation of Auto Works. Whether Donna's actions were intentional or whether Ewell's actions left her with no alternatives is not relevant in the case at bar. Therefore, the trial court's reasoning regarding Donna's actions is inconsequential to the outcome of this case in light of the fact that Ewell consented to the dissolution of Auto Works.

{¶ 25} Based on the foregoing, the trial court did not abuse its discretion in finding that Donna was not in contempt of the divorce decree. Donna offered sufficient evidence that Ewell consented to the dissolution of Auto Works. Simply because the trial court chose to believe Donna's testimony and the plain language of the multiple agreed orders over Ewell's

testimony does not make the trial court's decision unreasonable, unconscionable, or arbitrary.

{¶ 26} Ewell's first and second assignments of error are overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE CLERMONT TRIAL COURT ERRS TO THE PREJUDICE OF [EWELL] BY NOT CONSIDERING THE MAIN ISSUE OF DONNA NOT FILING AN ANSWER TO [EWELL'S] AMENDED COMPLAINT FOR CONTEMPT IN VIOLATION OF CIV.R. 8(D).

{¶ 29} Ewell also challenges the trial court's decision finding his "amended motion for contempt" is not a pleading. Ewell argues that his "amended motion for contempt" is a "complaint" for contempt and Donna failed to file a responsive pleading to his "complaint." Therefore, pursuant to Civ.R. 8(D), all the averments contained in his "complaint" were deemed admitted and his contempt motion should have been granted.

{¶ 30} Civ.R. 8(D) provides that "[a]verments in a *pleading* to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in responsive pleading." (Emphasis added.) Civ.R. 7(A) sets forth the types of pleadings:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed,* except that the court may order a reply to an answer or to a third-party answer.

(Emphasis added.)

{¶ 31} In its decision, the trial court overruled Ewell's argument reasoning that he "did not file a 'complaint' but a motion for the court to find [Donna] in contempt of the decree of Dissolution* * *. Such a motion does not require a responsive pleading under Civ.R. 8(D)."

We agree with the trial court.

{¶ 32} Ewell fails to appreciate that Civ.R. 8(D), the effect of failing to deny, only applies to pleadings. As specified in Civ.R. 7(A), a motion for contempt is not a pleading. Therefore, Civ.R. 8(D) is inapplicable. *See Yoakum v. McIntyre*, 7th Dist. Columbiana No. 03 CO 63, 2005-Ohio-7083, ¶ 38; R.C. 2705.03 (specifying the procedure for a contempt of court action).

{¶ 33} Therefore, the trial court did not err in finding that Ewell's motion for contempt was not a pleading and the averments contained in the motion should not be deemed admitted pursuant to Civ.R. 8(D). Ewell's third assignment of error is overruled.

{¶ 34} Assignment of Error No. 4:

{¶ 35} THE CLERMONT TRIAL COURT ERRS TO THE PREJUDICE OF [EWELL] BY NOT FOLLING THE LAW OF THE CASE DOCTRINE.

{¶ 36} Lastly, Ewell argues that the law-of-the-case doctrine precludes Donna from testifying regarding Ewell's actions at Auto Works. After being served with the contempt motion at issue in the present case, Donna also filed a motion for contempt against Ewell. In Donna's contempt case, she argued that Ewell violated the divorce decree when he hired Mansour and gave him power of attorney over Auto Works. In 2011, the trial court denied Donna's contempt motion by granting summary judgment in favor of Ewell. Donna never appealed the trial court's summary judgment decision.

{¶ 37} Ewell maintains that the doctrine prohibits Donna from testifying regarding any facts involved in her contempt case. He contends that because she did not appeal the summary judgment decision in her contempt case, the issue of contempt and all the facts involved in that case were settled. Therefore, Ewell asserts Donna cannot testify to any facts that overlap with the present contempt case, namely, the circumstances of the dissolution of Auto Works.

{¶ 38} The law-of-the-case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342, ¶ 25 (12th Dist.), citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 2-3 (1984). This doctrine precludes a litigant from attempting to rely at a retrial on arguments that were fully pursued, or available to be pursued, in a first appeal. *Clarke v. Warren Cty. Bd. of Commrs.*, 12th Dist. Warren No. CA2005-04-048, 2006-Ohio-1271, ¶ 21. The law-of-the-case doctrine is a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results*. Nolan* at 3.

{¶ 39} The trial court did not err in allowing Donna to testify regarding the same factual allegations that were contained in her contempt case. The law of the case decided in Donna's contempt action was that *Ewell* was not in contempt of the divorce decree because Ewell's conduct in hiring Mansour to operate Auto Works "was in response to [Donna's] offer to sell [Ewell] her shares in the company." The issue in the case at bar was whether *Donna* violated the divorce decree by filing the Hamilton County case. Consequently, the legal question was different in both cases and the law-of-the-case doctrine is not applicable. *See Matheny v. Norton*, 9th Dist. Summit No. 26666, 2013-Ohio-3798, ¶ 15 (law-of-the-case doctrine inapplicable where "trial court was not 'confronted with substantially the same facts and issues' on remand"); *Byrd v. Smith*, 12th Dist. Clermont No. CA2007-08-093, 2008-Ohio-3597, ¶ 11-20*.*

{¶ 40} In addition, Ewell argues that Donna's testimony regarding Auto Works' business operations was inadmissible because Auto Works is not a party to the contempt case and the business is not within the jurisdiction of the Domestic Relations Court. After a review of the record, we find the trial court also did not err by allowing Donna to testify regarding the business operations of Auto Works.

{¶ 41} Throughout the hearing, Ewell never objected to Donna's testimony about Auto Works' operations on the basis that Auto Works was not a party to the case or that the business was not within the jurisdiction of the trial court. In fact, Ewell's attorney elicited testimony from Donna on cross-examination concerning these matters. Ewell's failure to timely advise the trial court of possible error, by objection or otherwise, results in waiver of the issue for purposes of appeal. *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 9, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). We also do not find that allowing this testimony rises to the level of plain error. *Poneris v. A & L Painting, LLC*, 12th Dist. Butler No. CA2008-05-133, 2009-Ohio-4128, ¶ 27-28 (plain error in civil cases is recognized only in "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice").

{¶ 42} Further, even if Ewell had preserved the issue for appeal, Donna's testimony regarding Auto Works' operations was proper as it was necessary background information to understand whether she violated the divorce decree. At issue on remand was whether Donna violated the divorce decree's provision that "[n]either party shall liquidate the business assets [of Auto Works] or make major decisions affecting the operation of [Auto Works] without the consent of the other party." Donna's testimony regarding the operations of Auto Works was necessary in order to understand the circumstances surrounding her decision to file the Hamilton County case and whether this was a "major decision affecting the operation" of Auto Works. Thus, the trial court did not err in permitting Donna to testify about Auto Works operations.

{¶ 43} Ewell's fourth assignment of error is overruled.

{¶ 44} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.