[Cite as *Trebnick Sys., Inc. v. Chalmers*, 2013-Ohio-2642.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| TREBNICK SYSTEMS, INC., | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2012-10-097 |
| | : | O P I N I O N |
| - vs - | | 6/24/2013 |
| | : | |
| SCOTT CHALMERS, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT
Case No. 2011CVF01099

William T. Daly, The Ritch Bldg., 70 Birch Alley, Suite 240, Dayton, Ohio 45440, for plaintiff-appellant

James A. Dearie, 12 East Warren Street, Lebanon, Ohio 45036, for defendant-appellee

**RINGLAND, P.J.**

{¶ 1} Plaintiff-appellant, Trebnick Systems, Inc., appeals a decision of the Warren County Court granting summary judgment in favor of defendant-appellee, Scott Chalmers. For the reasons stated below, we affirm.

{¶ 2} Trebnick is in the business of manufacturing printing materials. Scott Chalmers is an individual who works for a company called the Chalmers Group. In 2010, Scott contacted Trebnick and inquired whether the company could print a particular label. Later,

Trebnick received a purchase order for labels from the Chalmers Group. The labels were allegedly shipped to the Chalmers Group. Trebnick claims it was never paid for the labels.

{¶ 3} In 2011, Trebnick filed suit against the Chalmers Group in the Dayton Municipal Court for breach of contract. Thereafter, Trebnick received a default judgment against the Chalmers Group. A few months later, Trebnick sued the Chalmers Group again for the same breach of contract in Warren County Court. Once more, Trebnick received a default judgment against the Chalmers Group for the debt.

{¶ 4} On October 12, 2011, Trebnick filed a complaint against Scott for breach of contract regarding the label order in the Warren County Court. Trebnick alleged that Scott was individually liable for the breach of contract. Scott disagreed and moved for summary judgment. The trial court granted Scott's motion for summary judgment.

{¶ 5} Trebnick filed this appeal, asserting a sole assignment of error:

{¶ 2} THE TRIAL COURT ERRED WHEN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AS THE TRIAL COURT'S OWN WRITTEN DECISION CONCLUDES THAT GENUINE ISSUES OF MATERIAL FACT DO EXIST, THE TRIAL COURT EITHER APPLIED THE INCORRECT LAW OR PERHAPS, AND RESPECTFULLY, SIMPLY CLERICALLY ERRED BY GRANTING, INSTEAD OF OVERRULING, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

{¶ 1} Trebnick challenges the trial court's grant of summary judgment in favor of Scott. Trebnick argues there are genuine issues of material fact as to whether Scott is personally liable for the amount owed to Trebnick. Specifically, Trebnick maintains that Scott should be held personally liable because Trebnick was never aware that it was dealing with a corporation. Trebnick also asserts that Scott has taken different positions as to whether the Chalmers Group is a corporation throughout the proceedings.

{¶ 2} This court's review of a trial court's ruling on a summary judgment motion is de

novo, which means that we review the judgment independently and without deference to the trial court's determination. *Simmons v. Yingling*, 12th Dist. No. CA2010-11-117, 2011-Ohio-4041, ¶ 18. We utilize the same standard in our review that the trial court uses in its evaluation of the motion. *Id.*

{¶ 3} Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Williams v. McFarland Properties, L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594 (12th Dist.), ¶ 7. To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The nonmoving party must then present evidence that some issue of material fact remains to be resolved; it may not rest on the mere allegations or denials in its pleadings. *Id.* All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank & Trust Co.*, 21 Ohio St.2d 25, 28 (1970).

{¶ 4} "A corporation, being an artificial person, can act only through agents." *Lamar Advantage GP Co. v. Patel*, 12th Dist. No. CA2011-10-105, 2012-Ohio-3319, ¶ 18, quoting *James G. Smith & Assoc., Inc. v. Everett*, 1 Ohio App.3d 118, 120 (10th Dist.1981). When a person conducts business on behalf of a corporation, he is acting as an agent for the corporation and therefore will not incur individual liability for the corporation's obligations. *Lamar* at ¶ 18. However, the agent may still incur personal liability for the debts of the corporation unless the agent "so conduct[s] himself in dealing on behalf of the corporation with third persons that those persons are aware that he is an agent of the corporation and it is the corporation (principal) with which they are dealing, not the agent individually." *Id.*

- 3 -

{¶ 5}  In the case at bar, Aaron Trebnick, the Vice-President of Sales for Trebnick, explained that he negotiated with Scott regarding the label contract.  During Aaron's deposition, he conceded that when he was negotiating the label contract, he was aware that the Chalmers Group was a company and that the transaction was between two companies.  He also acknowledged that Scott never personally guaranteed the contract.

{¶ 6}  Aaron stated that after the pair negotiated the contract, his company received a purchase order from the Chalmers Group for the labels.  The "Chalmers Group" is identified as the client and the name is listed under the shipping address.  The bottom of the purchase order states that Scott Chalmers authorized the order.  After filling the order, Trebnick completed an invoice for the transaction.  The invoice again indicates that the labels were sold to the Chalmers Group and that the labels should be shipped to "The Chalmers Group," "Attention: Scott Chalmers."

{¶ 7}  We find that the trial court did not err in granting summary judgment to Scott.  Trebnick has failed to put forth any evidence to show it was not aware it was dealing with an individual instead of a corporation.  In his deposition, Aaron acknowledged that he knew that the Chalmers Group was a company.  The invoice and purchase order also clearly show that the client and the purchaser of the labels was the "Chalmers Group."  The incidental use of Scott's name on the purchase order and the invoice is insufficient to show that Scott had individual liability for the contract.  While the purchase order did not use a corporate name indicator after the Chalmers Group, it is clear that Trebnick knew that the Chalmers Group was the principal and Scott was acting as an agent.  *See The Promotion Co., Inc./Special Events Div. v. Sweeney*, 150 Ohio App.3d 471, 2002-Ohio-6711, ¶ 20 (7th Dist.).  Additionally, Aaron acknowledged that Scott never personally guaranteed the contract.  Therefore, there was no genuine issue of material fact that Trebnick understood that the label contract was with the corporation, the Chalmers Group, and that Scott was acting as its

agent.

{¶ 8} Trebnick argues there is a genuine issue of fact as to whether Scott is individually liable because Scott and the Chalmers Group have made contradictory representations regarding whether the Chalmers Group is a corporation. Attached to Trebnick's summary judgment motion is a "motion to strike plaintiff's cease and desist (sic)" allegedly filed by Scott and the Chalmers Group in Dayton Municipal Court. The motion states, "[Trebnick] has factually misrepresented [Chalmers Group] in this action as a corporation * * * Chalmers Group is not a corporation in any State." Trebnick maintains this document contradicts Scott's current argument that he is not personally liable for the contract because he was acting as an agent for the Chalmers Group. The filing is not signed or certified, and Trebnick did not incorporate the document through reference in an affidavit. In Scott's reply motion for summary judgment, he objected to the trial court considering this document in its determination.

{¶ 9} We begin by noting that this document is not proper Civ.R. 56(C) evidence. Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *State ex rel. Varnau v. Wenninger*, 12th Dist. No. CA2009-02-010, 2011-Ohio-3904, ¶ 7. Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). An unauthenticated document, including uncertified court records, may not support a motion for summary judgment. *Nicely v. Kline,* 10th Dist. No. 05AP-825, 2006-Ohio-951, ¶ 21. Therefore, we cannot consider this document in our review of the trial court's summary judgment decision.

{¶ 10} Trebnick does not argue that this document fits the requirements of Civ.R. 56(C) but instead maintains that the trial court may take judicial notice of a previous court's pleadings. This court has stated, "a trial court cannot take judicial notice of court

proceedings in another case and may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved; a court may take judicial notice of only the court proceedings in the immediate case." *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342 (12th Dist.), ¶ 18.  As such, the trial court did not err by refusing to take judicial notice of the filing in the Dayton Municipal Court.

{¶ 11} Trebnick's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.


S. POWELL and M. POWELL, JJ., concur.