[Cite as *Bloomfield v. Beier*, 2016-Ohio-5167.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Kenneth Bloomfield, Sr., et al.                    Court of Appeals No. WD-15-071

      Appellants                             Trial Court No. 2015CV0229

v.

Mitchell A. Beier, et al.                          **DECISION AND JUDGMENT**

      Appellees                              Decided:  July 29, 2016

* * * * *

Robert W. Kerpsack, for appellants.

Elizabeth J. Hall and James R. Jeffery, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Plaintiffs-appellants, Kenneth Bloomfield, Sr., and Sandra M. Bloomfield, appeal the Wood County Court of Common Pleas' November 10, 2015 judgment granting defendants-appellees Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and The Andersons Agriculture Group, L.P.'s motion for summary judgment.  Because we find that no issues of fact remain, we affirm.

{¶ 2} On April 22, 2015, appellants commenced this action against appellees alleging negligence in the application of pesticides and herbicides on a neighboring property which then migrated to their property.  Appellants claimed that as a result, appellant, Kenneth Bloomfield, Sr., suffered permanent physical injuries; appellant, Sandra Bloomfield, alleged a loss of consortium.

{¶ 3} Appellees filed an answer and a motion for summary judgment on June 22, 2015.  In their answer they raised, inter alia, the defenses of res judicata and claim preclusion which were the bases of their summary judgment motion.  In the motion, appellees argue that the same issues in appellants' complaint had been decided by the Bowling Green Municipal Court, Small Claims Division, on March 4, 2014.  In support, appellees included an affidavit of their attorney attesting to various attached documents from the prior action.

{¶ 4} On July 6, 2015, appellants filed an opposition to appellees' motion and, alternatively, an order pursuant to Civ.R. 56(F) continuing the date for submitting opposing materials until the completion of discovery.  The supporting affidavit of counsel claimed that the materials relied upon in appellees' motion for summary judgment failed to comply with Civ.R. 56.

{¶ 5} On August 10, 2015, appellants filed a motion for leave to file an amended complaint to add additional claims relating to appellant Kenneth Bloomfield's "delayed" permanent physical injures which included metastatic pancreatic cancer diagnosed on December 1, 2014.  Appellees opposed the motion contending that all of the allegations

2.

in the proposed amended complaint were known to appellants on the filing date of the original complaint. Appellees further argued that allowing such an amendment would result in unfair prejudice in light of their pending summary judgment motion. On August 17, 2015, the trial court denied the motion.

{¶ 6} On November 10, 2015, the trial court granted summary judgment in favor of appellees. The court first found that the documents and audio recording from the prior proceedings submitted by appellees were self-authenticating and properly before the court. The court then concluded that the action was barred by the concept of claim preclusion as the issues raised either were or could have been adjudicated in the prior action. This appeal followed.

{¶ 7} Appellants raise nine assignments of error for our review:

First Assignment of Error: The trial court committed reversible error by denying the Civ.R. 56(F) motion of plaintiff-appellants Kenneth Bloomfield, Sr. and Sandra M. Bloomfield, and proceeding to grant summary judgment in favor of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and the Andersons Agriculture Group, L.P.

Second Assignment of Error: The trial court committed reversible error by staying discovery and proceeding to grant summary judgment in favor of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and the Andersons Agriculture Group, L.P.

3.

Third Assignment of Error: The trial court committed reversible error by denying the motion of plaintiff-appellants, Kenneth Bloomfield, Sr. and Sandra M. Bloomfield, for leave to file an amended complaint and proceeding to grant summary judgment in favor of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and The Andersons Agriculture Group, L.P.

Fourth Assignment of Error: The trial court committed reversible error by denying the motion of plaintiff-appellants, Kenneth Bloomfield, Sr. and Sandra M. Bloomfield, to strike evidence failing to comply with Civ.R. 56(C) and/or Civ.R. 56(E) and proceeding to grant summary judgment in favor of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and The Andersons Agriculture Group, L.P.

Fifth Assignment of Error: The trial court committed reversible error by finding that the affidavit of Kenneth Bloomfield, Sr. is insufficient to rebut the application of res judicata and proceeding to grant summary judgment in favor of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and The Andersons Agriculture Group, L.P.

Sixth Assignment of Error: The trial court committed reversible error by finding that the parties in the instant action are the same or hold a

relationship of privity with the parties in plaintiff-appellants' prior small claims court action and proceeding to grant summary judgment in favor of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and The Andersons Agriculture Group, L.P.

Seventh Assignment of Error:  The trial court committed reversible error by finding that plaintiff-appellants prior small claims court action was decided on the merits and issued by a court of competent jurisdiction and proceeding to grant summary judgment in favor of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and the Andersons Agriculture Group, L.P.

Eighth Assignment of Error:  The trial court committed reversible error by finding that plaintiff-appellants, Kenneth Bloomfield, Sr. and Sandra M. Bloomfield, had a full and fair opportunity to present their claims for personal injury in their prior small claims court action and proceeding to grant summary judgment in favor of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and The Andersons Agriculture Group, L.P.

Ninth Assignment of Error:  The trial court erred to the substantial prejudice of plaintiff-appellants, Kenneth Bloomfield, Sr. and Sandra M. Bloomfield, by granting summary judgment on the issue of liability in favor

of defendant-appellees, Mitchell A. Beier, The Andersons Farm Center, The Andersons, Inc., and The Andersons Agriculture Group, L.P.

{¶ 8} Reviewing appellant's nine assignments of error, we find that they can be grouped and addressed in four categories:  the denial of appellants' Civ.R. 56(F) motion and discovery; the denial of appellants' motion to amend their complaint; the trial court's denial of appellants' motion to strike evidence; and the trial court's granting of summary judgment to appellees based on claim preclusion.

## I.  Appellants' Civ.R. 56(F) Motion

{¶ 9} In appellants' first and second assignments of error, they argue that the trial court erred by denying their Civ.R. 56(F) motion and allowing time for additional discovery.  Civ.R. 56(F) permits a party opposing summary judgment to seek a continuance to pursue further discovery in order to develop an opposition to the motion.  Under this provision, the opposing party must submit an affidavit stating the reasons justifying an extension.  "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment.  There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion." *Sherman v. Glass City Singles*, 6th Dist. Lucas No. L-06-1256, 2007-Ohio-5997, ¶ 7, quoting *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 169, 392 N.E.2d 1316 (8th Dist.1978).

6.

{¶ 10} We review a trial court's ruling on a Civ.R. 56(F) motion for an abuse of discretion. *ABN AMRO Mtge. Group, Inc. v. Roush*, 10th Dist. Franklin No. 04AP-457, 2005-Ohio-1763, ¶ 23. That is, we will not reverse the court's decision unless it is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} Appellants specifically argue that the court erred in relying on a distinguishable case which had been pending for three years and where summary judgment had been sought after the discovery deadline. *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601 (10th Dist.). In *Ryan*, the court affirmed the lower court's denial of appellants' Civ.R. 56(F) motion finding that although co-counsel had withdrawn a week prior to the filing of the motion for summary judgment, remaining counsel had appeared in the case for approximately three year's prior. The court further found that although counsel stated that the case file was "incomplete," "he failed to explain in his affidavit what documents were missing or how the absence of those documents adversely impacted his ability to respond" to the summary judgment motion. *Id.* at ¶ 102.

{¶ 12} In the present case, the affidavit of appellants' attorney in support of the motion enumerated several reasons why appellees' motion for summary judgment should be denied. It further indicated that appellants "reserve the right to cite other reasons why Defendants' Motion for Summary Judgment should be denied, which may become apparent as discovery is undertaken in the instant action."

7.

**{¶ 13}** Reviewing the motion, the response, and the relevant case law, we cannot say that the trial court abused its discretion when it denied appellants' Civ.R. 56(F) motion. Appellants did not specify a "particularized" need for additional discovery from appellees; in fact, the basis of their claims are the personal injuries of appellant, Kenneth Bloomfield, and the knowledge of which, presumably, is exclusive to appellants. Accordingly, appellants' first and second assignments of error are not well-taken.

## II. Denial of Appellants' Motion to Amend their Complaint

**{¶ 14}** In their third assignment of error, appellants argue that the trial court abused its discretion when it denied their motion for leave to file an amended complaint. Civ.R. 15(A) provides:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

8.

**{¶ 15}** While a motion to amend under Civ.R. 15(A) is liberally granted, it should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999), citing *Hoover v. Sumlin*, 12 Ohio St.3d 1, 465 N.E.2d 377 (1984), paragraph two of the syllabus. We review a court's denial of a motion to amend for an abuse of discretion. *Journeymen Professionals, Inc. v. Am. Family Ins. Co.*, 6th Dist. Lucas No. L-05-1404, 2006-Ohio-5624, ¶ 25, citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991).

**{¶ 16}** Appellants argue that in denying their motion, the court erroneously relied upon case law where, though motions for summary judgment were similarly pending, the cases had proceeded through discovery and had impending trial dates. *Frankel v. Toledo Pub. Schools*, 6th Dist. Lucas No. L-14-1027, 2015-Ohio-1571; *Pintagro v. Sagamore Hills Twp.*, 9th Dist. Summit No. 25697, 2012-Ohio-2284. In *Frankel*, the case had been pending for 11 months when the defendant filed a motion for summary judgment. The following week, the plaintiff filed a motion for leave to file a second amended complaint. The court denied the motion and granted summary judgment in the defendant's favor. *Id.* at ¶ 13.

**{¶ 17}** Finding that the trial court did not abuse its discretion, this court, quoting *Pintagro* stated that "'[a]n attempt to amend a complaint following the filing of a motion for summary judgment has been found to raise the spectre of prejudice.'" *Id.* at ¶ 18, quoting *Pintagro* at ¶ 22. We further noted that "'a plaintiff should not be allowed to sit

9.

by and then "bolster their pleadings in answer to a motion for summary judgment."'" *Id.*, quoting *Pintagro* at ¶ 22.  (Additional citations omitted.)

{¶ 18} While appellant is correct that, procedurally, the above cases were pending longer and had proceeded through discovery, we find that, as to the present matter, it is a distinction without a difference.  In this case, appellees moved for summary judgment on the basis of res judicata, specifically claim preclusion.  Thus, for the same reasons that the trial court did not err in granting appellees' motion for summary judgment, as will be discussed below, the court did not abuse its discretion when it denied appellants' motion to amend their complaint.  Appellants' third assignment of error is not well-taken.

### III.  Civ.R. 56 Evidence

{¶ 19} In appellants' fourth assignment of error they contend that the trial court erred by denying their motion to strike evidence they claimed failed to comply with Civ.R. 56.  Specifically, appellants claim that the evidence attached to appellees' attorney's affidavit, filings from the small claims' proceeding, were not properly authenticated even following their resubmission after clerk certification.

{¶ 20} Civ.R. 56(E) sets forth the requirements for affidavits relating to summary judgment.  It provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.  Sworn or certified copies of all papers or

parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 21} Appellants rely on a Twelfth Appellate District case for the proposition that a court may not take judicial notice of court proceedings in another case, even one involving the same parties. *Trebnick Systems, Inc. v. Chalmers*, 12th Dist. Warren No. CA2012-10-097, 2013-Ohio-2642. In *Trebnick*, the plaintiff, without a supporting affidavit, attempted to introduce a filing from another court in support of his summary judgment motion. *Id.* at ¶ 8. The appellate court noted that "[a]n unauthenticated document, including uncertified court records, may not support a motion for summary judgment." *Id.* at ¶ 9. Rejecting appellant's judicial notice argument the court stated:

"a trial court cannot take judicial notice of court proceedings in another case and may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved; a court may take judicial notice of only the court proceedings in the immediate case."

11.

*Id.* at ¶ 10, quoting *Mansour v. Croushore*, 194 Ohio App.3d 819, 824, 958 N.E.2d 580 (12th Dist.2011).

Reviewing the arguments of the parties we find that appellees did not request that the trial court take judicial notice of the small claims court proceedings. We agree with appellees that Evid.R. 902(4) applies to the documents submitted on August 20, 2015. This section provides:

Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio.

Thus, because the documents were certified by the court clerk, they were properly admissible Civ.R. 56 evidence. Appellants' fourth assignment of error is not well-taken.

{¶ 22} Also implicating Civ.R. 56, appellants' fifth assignment of error challenges the trial court's decision to afford appellant Kenneth Bloomfield's affidavit little weight. Specifically, the court concluded that in listening to the audio recording of the small claims' trial

12.

at no point * * * do the magistrate or [appellees' attorney] make a representation – fraudulent, implied, or otherwise- that Defendants consented to the filing of a subsequent case or that the magistrate was splitting Plaintiffs' personal injury claim from the property damage claim in order to allow it to be filed in another court.

{¶ 23} The court then noted that "[t]he non-moving party may not avoid summary judgment simply by providing a self-serving affidavit containing contradictions of the evidence offered by the moving party and conclusory statements of law."

{¶ 24} Ohio courts, including this court, have consistently held that in opposing a well-supported summary judgment motion, a self-serving affidavit is insufficient to create a genuine issue of fact. *Huntington Natl. Bank v. Belcher*, 6th Dist. Wood No. WD-11-055, 2012-Ohio-3731, ¶ 13, citing *Citibank v. Eckmeyer*, 11th Dist. Portage No. 2008-P-0069, 2009-Ohio-2435, ¶ 60. *See also Adams v. Windau*, 6th Dist. Lucas No. L-08-1041, 2008-Ohio-5023, ¶ 23, citing *Wolf v. Big Lots Stores, Inc.*, 10th Dist. Franklin No. 07AP-511, 2008-Ohio-1837.

{¶ 25} In the present case, appellant Kenneth Bloomfield's affidavit provided, in part:

3. On December 19, 2013, my wife and I appeared before Magistrate Thomas McDermott for the scheduled trial in the small claims court case described above. We thought that lawyers were not allowed to be in small claims court, but Attorney James Jeffery was there for the defendant in our

13.

case. Neither my wife nor I is a lawyer and we consulted with no lawyer in connection with the small claims court case in question. During the trial, we were not allowed to talk about any damages that had not yet occurred, including damages to our health, and it appeared to us that Magistrate McDermott and Mr. Jeffery agreed that we could file another lawsuit when and if the damages actually occurred. For this reason, we understood that the current small claims court case was being dismissed.

* * *

7. Based upon our observations of the proceedings during the trial of the small claims court case described above on December 19, 2013, my wife and I reasonably believed and relied upon implied representations by Magistrate McDermott and Attorney James Jeffery that after the dismissal of the small claims court case, we could file another lawsuit for our damages that had not yet actually occurred, including our potential claims for personal injury arising from my exposure to the herbicides described above on or about May 5, 2013.

{¶ 26} Reviewing appellant's affidavit and the summary judgment materials provided by appellees, we do not find any factual basis supporting appellant's claims that he would be permitted to refile his claim at a later time. The magistrate clearly, and repeatedly, stated the limitations on damages by pursuing the action in small claims court. He indicated that the matter could be transferred to common pleas; appellants

14.

refused. Accordingly, we find no error in the weight the trial court afforded appellant's affidavit. Appellants' fifth assignment of error is not well-taken.

## IV. Granting of Summary Judgment and Claim Preclusion

{¶ 27} Appellants' sixth through ninth assignments of error raise arguments directly relating to the trial court's award of summary judgment to appellees. We first note that appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

15.

**{¶ 28}** In its November 10, 2015 judgment granting appellees' summary judgment motion, the trial court concluded that appellants' claims were barred by the doctrine of res judicata, specifically claim preclusion. In order to find that an action is barred by claim preclusion (historically termed estoppel by judgment) a party must establish: "'A final judgment or decree rendered on the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties and those in privity with them.'" *Guy Trucking v. Domer*, 6th Dist. Wood No. WD-03-077, 2004-Ohio-4269, ¶ 19, quoting *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus.

**{¶ 29}** In appellants' sixth assignment of error they dispute the trial court's finding of the privity element of claim preclusion. Appellants contend that the only "overlapping" party is "The Andersons Farm Center," or "The Andersons Agriculture Group, L.P.," which they contend are not legal entities and may not be sued. Along this vein, appellants argue that because of this, their small claims action was never properly commenced and can have no preclusive effect.

**{¶ 30}** We first note that the "fictitious entity" argument was not raised by appellants in the trial court or by appellees in the small claims action. Further, in appellees' attorney's affidavit he indicates that the above two entities while not "separate" registered entities are part of The Andersons, Inc. Appellees never argued that they were not properly served with any material in the small claims or common pleas

16.

courts; they appeared and fully litigated the matter. We find that appellants may not now use the argument affirmatively to avoid the effect of an adverse judgment.

{¶ 31} As to the general principles of privity, the Supreme Court of Ohio has noted that privity in the context of res judicata is an "amorphous" concept. *State ex rel. Schachter v. Ohio Pub. Employees Ret. Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 33, citing *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000). Based on this, the court has "'applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine.'" *Id.*, quoting *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8.

{¶ 32} The court noted that:

"[a]n interest in the result of and active participation in the original lawsuit may also establish privity." *Id*. at ¶ 9. Similarly, "'a mutuality of interest, including an identity of desired result,' may create privity." *Kirkhart*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8, quoting *Brown*, 89 Ohio St.3d at 248, 730 N.E.2d 958. "Mutuality, however, exists only if 'the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect'" for res judicata. *O'Nesti*, 113 Ohio St.3d 59, 2007 Ohio 1102, 862 N.E.2d 803, ¶ 9, quoting *Johnson's Island, Inc. v. Danbury*

17.

*Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 244, 23 O.O.3d 243, 431 N.E.2d 672. *Id*. at 34.

{¶ 33} In the present case, we find that there was sufficient privity between the parties in the small claims and common pleas action. The Andersons, Inc. was the party ultimately bound by determinations in either court. Appellants' sixth assignment of error is not well-taken.

{¶ 34} Appellants' seventh assignment of error disputes the trial court's finding that the prior action was decided on the merits by a court of competent jurisdiction. Appellants contend that the small claims court merely "dismissed" their action and did not enter a final judgment in the merits. We disagree.

{¶ 35} The magistrate's decision was rendered following a trial on the matter. At trial, testimony and evidence was presented by both parties. In its decision, the magistrate specifically found that appellants failed to prove their claims by a preponderance of the evidence. The judge then agreed with the magistrate's "findings" and dismissed the action.

{¶ 36} Appellants further contend that the small claims court was not a court of "competent jurisdiction" because recovery is limited to $3,000, and they are now seeking damages in excess of $25,000. Reviewing R.C. 1925.02, which addresses the subject-matter jurisdiction of small claims courts and the relevant case law, we find no restriction on personal injury claims. The recovery limitation has no bearing on the types of permissible lawsuits. Appellants' seventh assignment of error is not well-taken.

18.

**{¶ 37}** Similarly, in their eighth assignment of error appellants argue that they did not have a full and fair opportunity to litigate their personal injury claims in small claims court. As this court succinctly noted:

> The Supreme Court of Ohio has adhered to its earlier interpretation and applications of the doctrine of res judicata. See *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 1995 Ohio 331, 653 N.E.2d 226, paragraph one of the syllabus, holding that under the doctrine of res judicata "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." *See, also, Brown et al. v. City of Dayton et al.* (2000), 89 Ohio St.3d 245, 2000 Ohio 148, 730 N.E.2d 958.
>
> Further, the Supreme Court of Ohio has stated that the phrase "claims which might have been litigated" in the first lawsuit has possible misleading connotations and noted that courts "prefer to refer instead to 'claims which should have been litigated' in the first lawsuit." *Holzemer v. Urbanski* (1999), 86 Ohio St. 3d 129, 133, fn. 2, 1999 Ohio 91, 712 N.E.2d 713, citing *Wilkins v. Jakeway* (S.D.Ohio 1998), 993 F. Supp. 635, 645. *Waldecker v. Erie County Humane Soc.*, 6th Dist. Erie No. E-03-022, 2004-Ohio-892, ¶ 17-18.

**{¶ 38}** Appellees have cited a Second Appellate District case which squarely addresses the preclusive effect of a small claims action on a subsequent common pleas court action.  In *McCory v. Clements*, 2d Dist. Montgomery No. 19043, 2002 Ohio App. LEXIS 7286 (Apr. 26, 2002), the plaintiff filed a complaint in small claims court stemming from the installation of a concrete driveway.  The court ruled in favor of the defendant finding that plaintiff failed to prove his case.  *Id.* at 2.  Plaintiff then refiled the case, with two additional claims based upon the Ohio Consumers Sales Practices Act and the Home Solicitation Sales Act, in the common pleas court.  Defendant's motion to dismiss based on res judicata was granted.

**{¶ 39}** Affirming the trial court, the court first noted that although res judicata arguments are not properly raised in a motion to dismiss, because defendant failed to object any procedural error was waived.  The court then noted that both actions stemmed from the same transaction.  *Id.* at 4. That the plaintiff focused on different facts to support the various claims did not negate the res judicata defense.  *Id.* at 7.

**{¶ 40}** In the present case, appellants' claims arose from the May 5, 2013 application of chemicals on appellants' neighbor's property.  Appellants' small claims case alleged damages to property and personal injury due to the "long term health effects of glyphosates."  Thus, because they arose from the same transaction, the claims "might have" or "should have been litigated" in the same action.  *Waldecker* at ¶ 18.  Appellants' eighth assignment of error is not well-taken.

20.

{¶ 41} In their ninth and final assignment of error, appellants raise fundamental fairness and due process arguments as to why res judicata should not apply to bar their common pleas action. Appellants rely on *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001), in which the court determined that plaintiffs were not barred by res judicata from bringing a spoliation of evidence claim where evidence of spoliation was not discovered until after the conclusion of the primary, intentional tort action. The *Davis* court quoted the appellate court's decision, agreeing that the "'[c]oncealing, destroying, misrepresenting, or intentionally interfering with evidence after a workplace death does not arise from "a common nucleus of operative facts" with those which arose before the death.'" *Id.* at 490.

{¶ 42} In *McCory v. Clements, supra*, the court addressed and rejected a similar argument. The court found that, unlike *Davis*, no injustice or attempt to protect the blameworthy was presented. *Id.* at 10-11. The court then concluded that "'[t]he instability that would follow the establishment of a precedent for disregarding the doctrine of res judicata for "equitable" reasons would be greater than the benefit that might result from relieving some cases of individual hardship.'" *Id.* at 11, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 383-384, 653 N.E.2d 226 (1995). The court further noted that the fact that the plaintiff proceeded pro se did not impact its decision. *Id.*

{¶ 43} In the present matter, appellants have not presented sufficient arguments to demonstrate how any of their current claims are independent of the alleged negligent acts of May 2013. Further, there is no evidence that appellees somehow concealed, destroyed

21.

or manipulated evidence. *Davis*, *supra*. Accordingly, we find no strong policy consideration to warrant an exception to the application of res judicata. Appellants' ninth assignment of error is not well-taken.

{¶ 44} On consideration whereof, we find that substantial justice was done the parties complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                             JUDGE

Arlene Singer, J.                

                                             _____

James D. Jensen, P.J.                                 JUDGE
CONCUR.

                                             _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.